Nott, J.,
delivered the opinion of the court:
This is an action brought to recover the net proceeds of 16,000 pounds of cotton captured at Chattanooga, in June, 1864, and which it is alleged amount to not less than $24,000.
The loyalty and ownership of the claimant here seem to be so well established that no argument has been made on behalf of the government upon the merits; and in looking into the case we find that the facts have been correctly stated by the counsel of the claimant in his brief; so that it is needless to repeat them in the opinion of the court. The only question is as to the amount of the net proceeds of this particular parcel of cotton.
By the report of the Secretary of the Treasury to this court, bearing date the 14th of May, 1868, printed in the case of John H. Fain, it appears that C. A. Fuller, the assistant special agent of the Treasury at Nashville, received between the 1st May and 30th June, 1864, 463 bales of cotton. The receipt of Fuller in this suit and the certificate of Quartermaster Brown show that the claimant’s 20 bales of cotton were turned over by the quartermaster to the special agent on the 10th July, 1864. They therefore could not have been a part of the 363 bales received by the agent before the 30th June, and which subsequently netted $609 per bale.
By the same report of the Secretary, it further appears, that between the 1st July and the 30th September the same agent received and shipped 416 bales. These 416 bales were sold in three parcels of 33, 42, and 341 bales each, and netted $181,446, or $436 per bale. In the report of the Secretary, it is stated *440 that out of tbe cottons forwarded with, tlie aforesaid lots ” “ uponarrival at Nashville, Tennessee, and before transfer to the Treasury agent, there were destroyed by fire 1014- bales.” The Secretary then proceeds to find “ a general average value of the 101J bales of cotton assessed upon the value of the cottons then in transitu from the same direction and sold subsequently;” and having found this value he deducts it from the proceeds of the cotton which came from Nashville about the same time. This deduction of the Secretary is made on the assumption, that as no specific parcel of cotton could be traced, it would be impossible to designate the owners of the portion burnt; and hence, that all whose property was commingled must share the loss. Upon that assumption the rule is sound, and we have in such cases thus applied it. But in this case the claimant has clearly traced his cotton through the Quartermaster Department and into the custody and possession of the Treasury agent. Therefore there can be no propriety in making him contribute toward the losses which fell upon other property remaining in the hands of the Quartermaster. He should recover the average net proceeds of the cotton with which his own was actually commingled. This average we have seen was $436 per bale.
The judgment of the court is that the claimant recover of the defendants eight thousand seven hundred and twenty dollars, ($8,720.)